# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| MARIAN TOLAN, | ) CASE NO. |
| | ) |
| Plaintiff, | ) JUDGE |
| | ) |
| v. | ) |
| | ) **NOTICE OF REMOVAL OF ACTION** |
| TARGET CLEVELAND SOUTH, et al., | ) **PURSUANT TO 28 U.S.C. § 1441** |
| | ) |
| Defendants. | ) |

TO THE CLERK OF COURT:

PLEASE TAKE NOTICE that Defendant, Target Corporation (herein "Target"), by and through its undersigned counsel, hereby moves to this Court, pursuant to 28 U.S.C. § 1441(a), the state court action described below:

1. On or about November 2, 2021, Plaintiff Marian Tolan filed a Complaint initiating suit in the Court of Common Pleas, Cuyahoga County, Ohio, against Target Cleveland South, Target Corporation, John and/or Jane Doe Employee, and XYZ Corporation, captioned *Marian Tolan v. Target Cleveland South, et al.,* Case No. CV-21-955217 (a copy of the Complaint, Pleadings, and docket are attached hereto as **Exhibit A**).

2. The Complaint was served on Target on November 5, 2021. The other entities and persons named were not the correct real-parties in interest, and service was never perfected on them.

3. As explained below, the matter meets the Diversity of Citizenship requirements for removal.

## I. REMOVAL IS TIMELY

4. Target was initially served the Complaint on November 3, 2021. At that time, Plaintiff's known corresponding claimed medical expenses were believed to be less than approximately $10,000. Target did not initially petition for removal on that basis, in belief that there was a lack of good faith showing that the claim could potentially exceed the $75,000 amount in controversy requirement, pursuant to 28 U.S.C. § 1332.

5. The case proceeded in the Cuyahoga Court of Common Pleas, with Target filing an answer, and written discovery was exchanged between the parties. Throughout discovery, Plaintiff continued to represent through production of documents, including corresponding medical and billing records, that the corresponding claimed medical expenses remained less than approximately $10,000.

6. Witness depositions, including the deposition of Plaintiff, were delayed in the Cuyahoga County state action at no fault of Target. *See* Target's July 26, 2022 Motion for Continuance of Litigation Dates, Request for Telephone Conference, and Warning to Plaintiff of Potential Failure to Prosecute [unopposed].

7. Ultimately, Target was able to depose Plaintiff, who is a resident of Texas, over zoom video on August 8, 2022.

8. At Plaintiff's August 8th deposition, for the first time, it was represented to Target that Plaintiff was relating a shoulder rotator-cuff tear and subsequent corrective surgery to the allegations contained in Plaintiff's Complaint.

9. Plaintiff's claimed and alleged shoulder surgery is believed to have cost in excess of $120,000.

10. Upon first learning on August 8, 2022 that Plaintiff is relating a shoulder rotator-cuff tear and subsequent corrective surgery to the allegations contained in Plaintiff's Complaint, Plaintiff's Complaint became 'removable' within 30 days of receipt of that information, pursuant to 28 U.S.C. § 1446(b)(3).

11. Target's notice of removal is otherwise timely pursuant to 28 U.S.C. § 1446(c), in that the petition for removal is within one year of the filing of Plaintiff's Complaint.

## II.   DIVERSITY JURISDICTION EXISTS.

12. Plaintiff is a resident of the State of Texas. (*See* Complaint, ⁋ 1).

13. Target Corporation is an American department store chain, with corporate headquarters in Minnesota, registered to do business in the State of Ohio, and was the owner of the Target Store located at 3535 Steelyard Drive, Cleveland, Ohio.  (*See* Complaint, ⁋ 3).

14. Plaintiff's cause of action allegedly occurred at in Cleveland, Ohio, at the 3535 Steelyard Drive store. (*See* Complaint, ⁋ 8).

15. The alleged amount in controversy now exceeds $75,000.00.

## III.   THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED.

16. Target has not no similar relief with respect to this matter.

17. Written notice of the filing of this Notice of Removal will be given to all adverse parties as required by 28 U.S.C. § 1446(b).

18. The other named Defendants are improperly named and do not exist, and Plaintiff has made no effort to name any John Does, or alternative entities.  Target is the only correctly named Defendant.

3

19. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served in the state court proceedings are filed herewith as **Exhibit A.**

20. The allegations of this Notice are true and correct and this cause is within the Jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

WHEREFORE Target Corporation respectfully requests this action be transferred to the United States District Court for the Northern District of Ohio, Eastern Division, and prays that this Court assume full and complete jurisdiction over this matter.

    Respectfully submitted,

*/s/ Michael P. Quinlan*
MICHAEL P. QUINLAN (0066718)
WILLIAM A. PESESKI (0095235)
Mansour Gavin LPA
North Point Tower
1001 Lakeside Avenue, Suite 1400
Cleveland, OH  44114
(216) 523-1500; Fax (216) 523-1705
mquinlan@mggmlpa.com
wpeseski@mggmlpa.com

*Attorneys for Defendant Target Corporation*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing *Notice of Removal of Action Pursuant to 28 U.S.C. § 1441* has been filed electronically with this Court this 23rd day of August 2022. Notice will be sent to all counsel through the Court's electronic filing system.

    */s/ Michael P. Quinlan*
MICHAEL P. QUINLAN (0066718)
*Attorney for Defendant Target Corporation*