## IN THE COMMON PLEAS COURT OF CUYAHOGA COUNTY, OHIO
### CIVIL DIVISION

**MARIAN TOLAN**
2213 Signal Hill Drive
Pearland,, Texas 77584

        Plaintiff,

       vs.

**TARGET CLEVELAND SOUTH**
3535 Steelyard Drive
Cleveland, Ohio 44109

and

**TARGET CORPORATION**
c/o CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

and

**JOHN and/or JANE DOE EMPLOYEE**
address unknown

and

**XYZ CORPORATION**
address unknown

        Defendants.

CASE NO.:

JUDGE:

**PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY WITH JURY DEMAND ENDORSED HEREON**

---

Now comes Plaintiff Marian Tolan, by and through Counsel, to provide the Court with her Complaint for Personal Injury.

1. The Plaintiff, Marian Tolan, is an adult citizen of the State of Texas.

2. Upon information and belief, Defendant, Target Cleveland South, at all times relevant, was a company registered with the Ohio Secretary of State to do business in the state of Ohio, conducted business in the state of Ohio, is subject to jurisdiction in the state of Ohio , and has committed a tort in the state of Ohio.  Defendant was the owner/operator of the Target Store, located at 3535 Steelyard Drive, Cleveland, Ohio.

EXHIBIT
A
ALL-STATE LEGAL®

3.  Upon information and belief, Defendant, Target Corporation, at all times relevant, was a company registered with the Ohio Secretary of State to do business in the state of Ohio, conducted business in the state of Ohio, is subject to jurisdiction in the state of Ohio, and has committed a tort in the state of Ohio.  Defendant was the owner/operator of the Target Store, located at 3535 Steelyard Drive, Cleveland, Ohio.

4.  Plaintiff is unaware of the true names, identities and capacities, whether individual, corporate, associate, or otherwise, of those defendants sued herein as John Doe, Jane Doe, and XYZ Corporation and will amend this Complaint so as to more specifically set forth the names and identities of the Doe defendants when they have been determined.

5.  Upon information and belief, Plaintiff alleges that each Doe defendant and corporation is legally responsible for the acts and events complained herein and that Plaintiff's injuries, losses and damages were proximately caused by the negligence, fault, wrongful acts and/or legal responsibility of aforementioned defendants.

6.  Upon information and belief, Plaintiff alleges that Defendants are legally responsible for the acts and events complained herein and that Plaintiff's injuries, losses and damages were proximately caused by the negligence, fault, wrongful acts and/or legal responsibility of aforementioned defendants.

## FIRST CLAIM FOR RELIEF

7.  Defendants are, and at all times herein mentioned were, a limited liability company, corporation or some other type of business entity of unknown form doing business as, or in relation to the subject restaurant.

8.  On or about November 19, 2019 Plaintiff was a business invitee, walking through the subject site managed by the Defendants. At the same time and place, the floor was slippery and wet. The slippery and wet area caused Plaintiff to slip and fall, causing her severe injuries more fully described below.

9.  Upon information and belief, Defendants are the owners and/or have a majority interest in the subject property.

10. Defendants knew, or, in the exercise of reasonable care should have known, of the condition, or Defendants created the condition either through the acts of its employees, in its negligent maintenance of equipment, or in its negligent method of operation, and Defendants should have corrected the condition or warned Plaintiff of its existence. Additionally, Defendants should have had non-slip surface which would have prevented the fall which resulted from a foreseeable condition.

11. As owners and/or operators of the site in question, Defendants had reason to know, or should have known of the dangerous conditions a slippery and wet floor poses.

12. Defendants neither put Plaintiff on notice, nor remedied the deficiency.

13. Plaintiff at all times mentioned, was an invitee of the Defendants and therefore Defendants owed Plaintiff the duty of providing a reasonably safe and maintained environment.

14. Defendants knew or should have known that the slippery and wet floor constituted a hazardous condition, and that this condition existed at the time Plaintiff was injured.

15. Defendants' behavior was negligent.

16. As a proximate result of Defendants' negligence, Plaintiff suffered injuries and damages including but not limited to, the following:

    a.  Severe injuries, including but not limited to: injuries to her right side, knee, shoulder, hand, elbow, foot and neck, headaches, and overall disruption of life.

    b.  Great pain and suffering, both physical and emotional, the loss of ability to perform usual functions, difficulty standing and walking, and the injuries will continue to cause pain and suffering in the future; and,

    c.  Reasonable and necessary medical expenses, as well as further reasonable and necessary medical expenses to be incurred in the future including but not limited to physical therapy, consultations, and appliances.

17. The aforesaid negligence of Defendants was the direct and proximate cause of the injuries and damages to Plaintiff.

      **WHEREFORE,** Plaintiff demands judgment against Defendants, to be determined by a jury but to include interest, punitive damages, attorney's fees and the costs of this action.

                         Respectfully Submitted,

                         /s/ Robert L. Gresham
                         Robert L. Gresham, #0082151
                         Michael L. Wright, #0067698
                         Kesha Q. Brooks, #0095424
                         Wright & Schulte, LLC
                         130 W. Second Street, Suite 1600
                         Dayton, Ohio 45402
                         PH: (937) 222-7477
                         FA: (937) 222-7911
                         rgresham@yourohiolegalhelp.com
                         mwright@yourohiolegalhelp.com
                         kbrooks@yourohiolegalhelp.com
                         Attorneys for Plaintiff

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands a trial by jury on all issues of this matter.

/s/ Robert L. Gresham
Michael L. Wright, Esq.
Robert L. Gresham, Esq.
Kesha Q. Brooks, Esq.
Attorneys for Plaintiff

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | |
|---|---|
| MARIAN TOLAN, | ) CASE NO.:  CV 21 955217 |
| | ) |
| Plaintiff, | ) JUDGE WILLIAM F.B. VODREY |
| | ) |
| vs. | ) |
| | ) **ANSWER OF DEFENDANT** |
| TARGET CLEVELAND SOUTH, et al. | ) **TARGET CORPORATION TO** |
| | ) **PLAINTIFF'S COMPLAINT** |
| Defendants. | ) |
| | ) *Jury Demand Endorsed Hereon* |

Defendant Target Corporation and improperly identified Defendant Target Cleveland South (collectively hereinafter referred to as "Defendant"), for its Answer to Plaintiff's Complaint states as follows:

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore denies the same.

2.    Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.    Defendant admits to owning and operating a store located at 3535 Steelyard Drive, Cleveland, Ohio 44109, denies it committed a tort and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint, and therefore denies the same.

4.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore denies the same.

5.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore denies the same.

6.    Defendant denies the allegations contained in Paragraph 6 of the Complaint as they relate to Defendant and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

**FIRST CLAIM FOR RELIEF**

7.    Defendant admits it is a corporation, but denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

9.    Defendant admits to owning and operating a store located at 3535 Steelyard Drive, Cleveland, Ohio 44109.

10.    Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.    Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.    Defendant admits it never put Plaintiff on notice of an alleged deficiency or remedied the alleged deficiency as Defendant was without notice of any such alleged deficiency.

13.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations with regard to Plaintiff's legal status as contained in Paragraph 13 of the Complaint, and therefore denies the same, and Defendant denies it violated any applicable duties of care.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16, including subparts a, b and c of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies each and every allegation contained in Plaintiff's Complaint, save and except those expressly admitted herein to be true.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to set forth against Defendant a claim upon which relief might be granted.

2.     Plaintiff's negligence proximately caused or contributed to the damages alleged in the Complaint.

3.     Plaintiff's failure to exercise ordinary care bars her recovery.

4.     Plaintiff expressly and/or impliedly assumed the risk of any damages.

5.     Plaintiff's comparative negligence is greater than the negligence, if any, of Defendant, and therefore, her claim is barred.

6.     Plaintiff has failed to join all necessary and/or indispensable parties including any subrogated interests herein.

7.     Defendant was without notice, actual or constructive, of any alleged dangerous condition that caused or contributed to the claims asserted by the Plaintiff in the Complaint.

8.     Plaintiff's claims must fail as any alleged dangerous condition was open and obvious.

9.     Defendant reserves the right to assert additional defenses as such additional defenses become available during discovery.

WHEREFORE, having fully answered, Defendant Target Corporation prays that the Complaint be dismissed at Plaintiff's costs and that Defendant Target Corporation be permitted to go hence without day.

**A TRIAL BY JURY IS DEMANDED HEREIN.**

Respectfully submitted,

*/s/ Michael P. Quinlan*
MICHAEL P. QUINLAN (0066718)
Mansour Gavin LPA
North Point Tower
1001 Lakeside Avenue, Suite 1400
Cleveland, OH 44114
(216) 523-1500; Fax (216) 523-1705
mquinlan@mggmlpa.com

*Attorney for Defendant Target Corporation*

**CERTIFICATE OF SERVICE**

A true copy of the foregoing *Answer of Defendant Target Corporation to Plaintiff's Complaint* was filed electronically on this 3rd day of December 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Michael P. Quinlan*
MICHAEL P. QUINLAN (0066718)
*Attorney for Defendant Target Corporation*

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| MARIAN TOLAN, | ) CASE NO.: CV 21 955217 |
| | ) |
| Plaintiff, | ) JUDGE WILLIAM F.B. VODREY |
| | ) |
| vs. | ) **JOINT STIPULATED PROTECTIVE** |
| | ) **ORDER** |
| TARGET CLEVELAND SOUTH, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

The parties to this Joint Stipulated Protective Order ("Order") have agreed to the terms of this Order, accordingly, it is ORDERED:

1.    **Scope.**    All disclosures, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), shall be subject to this Order as set forth below.  The Order is also subject to the Local Rules of this Court and the Ohio Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    **Form and Timing of Designation.**    A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words (a) "CONFIDENTIAL" (hereinafter referred to as "CONFIDENTIAL") or (b) "ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL" (hereinafter referred to as "ATTORNEYS EYES ONLY") on the document in a manner that will not interfere with the legibility of the

document and that will permit complete removal of the designation. Documents shall be designated prior to or at the time of the production or disclosure of the documents. When a tangible object is produced for inspection subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY. Thereafter any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL or ATTORNEYS EYES ONLY even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL or ATTORNEYS EYES ONLY as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.    **Documents Which May be Designated CONFIDENTIAL.**  Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the

2

documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, personnel records, or such other sensitive commercial information that is not publicly available. Public records and documents that are publicly available may not be designated for protection under this Order.

4.    **Documents Which May be Designated ATTORNEYS EYES ONLY.** Any party may designate documents as ATTORNEYS EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as trade secrets or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party.

5.    **Depositions**.    Deposition testimony shall be deemed CONFIDENTIAL or ATTORNEYS EYES ONLY only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit designated for protection under this Order. Thereafter, the deposition testimony and exhibits so designated shall be protected, pending objection, under the terms of this Order.

6.    **Protection of "CONFIDENTIAL" Material**.

(a) **Protection of Documents Designated CONFIDENTIAL.** Documents designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (1)-(7). Subject to these requirements, the following categories of persons may be allowed to review

3

documents that have been designated CONFIDENTIAL.

(1) **Outside Counsel of Record.** Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action. Persons who are not named attorneys of record shall execute the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound.

(2) **Parties.** Parties and employees of a party to this Order.

(3) **The Court.** The Court and its personnel.

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions, court hearings, and trial.

(5) **Persons Creating or Receiving Documents.** Any person who authored or recorded the designated document, and any recipient of the designated document..

(6) **Consultants, Investigators and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(7) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(b) **Protection of Documents Designated ATTORNEYS EYES ONLY.** Documents designated ATTORNEYS EYES ONLY under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any

4

documents designated ATTORNEYS EYES ONLY to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated ATTORNEYS EYES ONLY.

        (1) **Outside Counsel of Record.** Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action. Persons who are not named attorneys of record shall execute the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound.

        (2) **The Court.** The Court and its personnel.

        (3) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions, court hearings, and trial.

        (4) **Persons Creating or Receiving Documents.** Any person who authored or recorded the designated document, and any recipient of the designated document.

        (5) **Consultants, Investigators and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

        (6) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

        (c) **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection under this Order. Counsel shall maintain the originals of the forms signed by persons

5

acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(d) **Copies.** All copies of documents designated for protection under this Order, or any individual portion of such a document, shall be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY if the words do not already appear on the copy. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, if the electronic databases or lists do not contain substantial portions or images of the text of designated documents or otherwise disclose the substance of the designated documents.

7.    **Inadvertent Failure to Designate Confidential Information.** The inadvertent failure to designate documents as CONFIDENTIAL or ATTORNEYS EYES ONLY does not constitute a waiver of such claim. Any Party may so designate documents after such documents have been produced or otherwise disclosed, with the effect that the documents designated as CONFIDENTIAL or ATTORNEYS EYES ONLY are subject to the protections of this Order on and after the date of its designation. However, no one shall incur liability for disclosures made prior to notice of such designations.

8.    **Inadvertent Disclosure of Privileged or Protected Information.** The inadvertent production of documents containing information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege or immunity shall be without prejudice to the right of any producing Party to claim that such documents or materials are protected from disclosure and to request that such materials be returned to the producing Party. Upon such a request, the receiving party shall promptly return said documents to the producing party or shall confirm in writing that said documents have been destroyed. No Party

6

shall use the inadvertent delivery of such documents as a basis for claiming a waiver.

9. **Unauthorized Disclosure of Confidential Information.** If a recipient learns that, through inadvertence or otherwise, he or she has disclosed CONFIDENTIAL or ATTORNEYS EYES ONLY information to any person or in any circumstance not authorized by this Order, the recipient must immediately: (a) notify in writing the designating Party of the unauthorized disclosure; (b) use his or her best efforts to retrieve all Confidential information from the person who received such Confidential information; (c) inform the person to whom unauthorized disclosures were made of the terms of this Order; and (d) request such person to execute the Confidentiality Agreement attached hereto as Exhibit A.

10. **Filing of CONFIDENTIAL or ATTORNEYS EYES ONLY Documents Under Seal.** To the extent that a pleading or other paper references an exhibit designated for protection under this Order, then the pleading or other paper shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

11. **Challenges by a Party to a Designation for Protection Under this Order.** Any CONFIDENTIAL or ATTORNEYS EYES ONLY designation is subject to challenge by any party or non-party with standing to object (hereafter "Party"). Before filing any motions or objections to a designation for protection under this Order with the Court, the objecting Party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL or ATTORNEYS EYES ONLY designation as to any documents subject to the objection, the designating Party shall serve on all parties a notice specifying the documents and the nature of the agreement.

12. **Action by the Court.** Applications to the Court for an order relating to any

7

documents designated "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" shall be by motion and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

13. **Use of CONFIDENTIAL or ATTORNEYS EYES ONLY Documents or Information at Trial/Hearing**. Absent order of the Court, all trials are open to the public and there will be no restrictions on the use at trial of any document designated for protection under this Order.

14. **Obligations on Conclusion of Litigation**.

(a) **Order Remains in Effect**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Return of Documents Designated for Protection Under this Order**. Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents designated for protection under this Order, including copies as defined in Paragraph 6(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the parties even though they may contain documents designated for protection under this Order. Counsel may also retain attorney work product,

8

including an index which refers or relates to documents designated for protection under this Order, so long as that work product does not duplicate *verbatim* substantial portions of the text or images of documents designated for protection under this Order. This work product shall continue to be subject to the protections of this Order in accordance with the applicable designation. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use documents designated for protection under this Order.

(c) **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

15. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under any applicable local rule and the presiding judge's standing orders or other relevant orders.

16. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated for protection under this Order are entitled to protection under Rule 26(C) of the Ohio Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue. Nor does this Order constitute a waiver of any party's rights to object to discovery on any grounds.

17. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its

Electronically Filed 01/31/2022 10:33 / OTHER / CV 21 955217 / Confirmation Nbr. 2461307 / CLCKD

terms.

IT IS SO ORDERED.

_____
JUDGE WILLIAM F.B. VODREY

REVIEWED, APPROVED AND SUBMITTED BY:

/S R. L. Gresham (per 1/31/22 email consent          /S William Peseski
Robert L. Gresham (0082151)                          Michael P. Quinlan (0066718)
Michael L. Wright (0067698)                          William A. Peseski (0095235)
Wright & Schulte, LLC                                Mansour Gavin, LPA
130 W. Second Street, Suite 1600                     1001 Lakeside Ave., Ste. 1400
Dayton, Ohio 45302                                   Cleveland, Ohio 44114
Phone: (937) 222-7477                                Phone: (216) 523-1500
rgresham@yourohiolegalhelp.com                       mquilan@mggmlpa.com
mwright@yourohiolegalhelp.com                        wpeseski@mggmlpa.com
Attorneys for Plaintiff Tolan                        Attorneys for Defendant Target Corp.

10

**ATTACHMENT A**

**IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| MARIAN TOLAN | ) | CASE NO.:  CV 21 955217 |
| | ) | |
| Plaintiff, | ) | JUDGE WILLIAM F.B. VODREY |
| | ) | |
| v. | ) | **ACKNOWLEDGEMENT OF** |
| | ) | **UNDERSTANDING AND INTENT TO BE** |
| TARGET CLEVELAND SOUTH, et al. | ) | **BOUND TO THE TERMS OF THE JOINT** |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | ) | |
| | ) | |

The undersigned hereby acknowledges that he/she has read the Joint Stipulated Protective Order ("Order") dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the Cuyahoga County Court of Common Pleas in matters relating to the Order and understands that the terms of the Order obligate him/her to use documents designated CONFIDENTIAL or ATTORNEYS EYES ONLY in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____     Signature: _____

11

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| MARIAN TOLAN, | ) CASE NO.: CV 21 955217 |
| | ) |
| Plaintiff, | ) JUDGE WILLIAM F.B. VODREY |
| | ) |
| vs. | ) **DEFENDANT TARGET** |
| | ) **CORPORATION'S MOTION FOR** |
| TARGET CLEVELAND SOUTH, et al. | ) **PARTIAL JUDGMENT ON THE** |
| | ) **PLEADINGS REGARDING PLAINTIFF'S** |
| Defendants. | ) **PRAYER FOR PUNITIVE DAMAGES** |
| | ) |

Defendant Target Corporation and improperly identified Defendant Target Cleveland South (collectively hereinafter referred to as "Defendant"), by and through its undersigned counsel, respectfully moves this Honorable Court for partial judgment on the pleadings pursuant to Civ. R. 12(C), as it relates to Plaintiff's prayer for punitive damages. There is no separate claim or facts alleged in support of punitive damages in the Complaint. In the absence of any factual allegations that could support a claim for punitive damages, Plaintiff's legally deficient request for punitive damages must be dismissed. A Brief in Support is attached hereto.

Respectfully submitted,

*/s/ Michael P. Quinlan*
MICHAEL P. QUINLAN (0066718)
WILLIAM A. PESESKI (0095235)
Mansour Gavin LPA
North Point Tower
1001 Lakeside Avenue, Suite 1400
Cleveland, OH 44114
(216) 523-1500; Fax (216) 523-1705
mquinlan@mggmlpa.com
wpeseski@mggmlpa.com

*Attorneys for Defendant Target Corporation*

**BRIEF IN SUPPORT**

**I.  STATEMENT OF FACTS AND CASE**

This matter concerns an alleged slip-and-fall at a Target Store located in Cleveland that occurred on November 19, 2019. (Complaint, ¶ 8). Plaintiff's Complaint is based on negligence, on the theory that Plaintiff was an invitee, and that Target knew or should have known about the alleged floor condition, and/or had a duty to warn Plaintiff of the alleged condition. Target denies these allegations. Plaintiff's prayer for relief also includes a request of punitive damages, though the Complaint itself alleges no factual basis in support of punitive damages.

Plaintiff's Complaint does not allege any basis in support for the punitive damages prayer for relief. Given the Complaint's lack of any factual allegation to support punitive damages, Plaintiff has failed to state a claim upon which relief can be granted as it relates to punitive damages and the claim must be dismissed.

**II.  LAW AND ARGUMENT**

**A. Civil R. 12(C) Standard for Dismissal**

Civil R. 12(C) states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted. *Whaley v. Franklin County Bd. of Comm'rs*, 92 Ohio St.3d 574, 581, 752 N.E.2d 267 (2001). The same standard of review is applied to both motions. The Ohio Supreme Court has noted the similarities between the two motions, but also recognized that "Civ.R. 12(C) motions are specifically for resolving questions of law." *Id.*, citing *State ex rel. Midwest Pride IV v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996).

In order to be entitled to dismissal under Civ.R. 12(C), it must appear beyond doubt that plaintiff can prove no set of facts warranting the requested relief, after construing all material

factual allegations in the complaint and all reasonable inferences therefrom in the plaintiff's favor. *State ex rel. City of Toledo v. Lucas County Bd. of Elections*, 95 Ohio St.3d 73, 4, 765 N.E.2d 854 (2002), citing *State ex rel. Brantley v. Ghee*, 83 Ohio St.3d 521, 522-523, 700 N.E.2d 644 (1998). Further, "[e]vidence in any form cannot be considered." *Downtown Enters. Co. v. Mullet*, 5th Dist. Holmes No. 17CA016, 2018-Ohio-3228, ¶40, citing *Conant v. Johnson*, 1 Ohio App.2d 133, 204 N.E.2d 100 (4th Dist.1964). "In considering such a motion, one must look only to the face of the complaint." *Mullet*, at ¶40, citing *Nelson v. Pleasant*, 73 Ohio App.3d 479, 481-482, 597 N.E.2d 1137 (4th Dist.1991); *State v. Karl R. Rohrer Assocs.*, 2018-Ohio-65, 104 N.E.3d 865, ¶12 (5th Dist.).

### B. Plaintiff's Complaint fails to set forth a claim for punitive damages and, as such, Plaintiff's prayer for punitive damages must be dismissed.

Plaintiff's failure to set forth any specific factual allegations concerning punitive damages in her Complaint entitles Target to a partial dismissal of Plaintiff's punitive damages prayer for relief. Pursuant to R.C. §2315.21(C)(1) and (D)(4), a plaintiff can only recover punitive damages from a defendant, if the plaintiff proves by **clear and convincing evidence** that "(1) the actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud or (2) that defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate."

"Malice" is divided into two categories: "(1) that state of mind under which a person's conduct is characterized by hatred, ill will, or a spirit of revenge, or (2) or a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v. Murty*, 32 Ohio St. 3d 334, 336, 512 N.E.2d 1174 (1987). "The 'conscious disregard' type malice 'requires the party to possess knowledge of the harm that might be caused by his behavior.'" *Freudeman v. Landing of Canton*, 702 F.3d 318 (6th Cir. 2012), citing *Malone v.*

*Courtyard by Marriott L.P.*, 74 Ohio St.3d 440, 446, 659 N.E.2d 1242 (1996). "[A]ctual malice can be inferred from conduct and surrounding circumstances which may be characterized as reckless, wanton, willful or gross." *Freudeman,* at 330 citing *Villella v. Waikem Motors, Inc.*, 45 Ohio St.3d 36, 37, 543 N.E.2d 464 (1989). Significantly, "a reckless actor, who only has knowledge of the mere possibility that his or her actions may result in substantial harm, is not behaving maliciously." *Lang v. Beachwood Pointe Care Ctr.*, 8th Dist. Cuyahoga No. 104691, 2017-Ohio-1550, ¶55 quoting *Motorist Mut. Ins. Co. v. Said,* 63 Ohio St.3d 690, 698, 590 N.E.2d 1228 (1992).

In respect to the first type of malice, the plaintiff must present some evidence of the state of mind, or intent, of the defendants. As to the second type of malice, "conscious disregard for the rights and safety of other persons", the burden is on the plaintiff to present testimony that the defendants exhibited this conscious disregard. *See Lang v. Beachwood Pointe Care Ctr.*, 8th Dist. Cuyahoga No. 104691, 2017-Ohio-1550, ¶¶32-40. Before submitting the issue of punitive damages to a jury, a court must first determine that sufficient evidence has been presented to demonstrate that the defendant consciously disregarded the plaintiff's rights or safety otherwise dismissal is required. *Preston v. Murty*, 32 Ohio St.3d 334, 512 N.E.2d 1174 (1987), syllabus.

In the instant action, Plaintiff's Complaint has asserted only negligent acts on the part of Target. (*See* Complaint). The Complaint does not allege facts that would support a punitive damages claim. Plaintiff has not alleged any specific conduct that would apprise or provide notice to Target of the alleged improper conduct. As Ohio courts have made clear, "A claim for punitive damages must be dismissed if the complaint fails to allege facts from which the essential element of 'actual malice' may be inferred." *Convention Ctr. Inn, Ltd. v. Dow Chem. Co.*, 19 Ohio Misc.2d 15, 17, 484 N.E.2d 764 (C.P.1984) quoting *Columbus Finance v.*

*Howard* (1975), 42 Ohio St. 2d 178, 183 [71 O.O.2d 174]. Plaintiff's Complaint fails to satisfy this burden.

This action is premised on an alleged slip-and-fall regarding a loose grape in the produce aisle. There are no allegations in the Complaint that some intentional act or omission of Target resulted in the alleged incident. Rather, the Complaint contains only allegations of negligence, in which Plaintiff's references punitive damages in her prayer for relief. Plaintiff's position does not satisfy the pleading requirement to support a punitive damages prayer for relief pursuant to Ohio Law, as set forth above, and the punitive damages request must therefore be dismissed.

**III. CONCLUSION**

For the reasons set forth above, Plaintiff's punitive damages prayer for relief must be dismissed. Plaintiff's Complaint fails to allege any factual allegations to support punitive damages. Target moves this Court to issue an Order dismissing the Plaintiff's legally deficient request for punitive damages.

Respectfully submitted,

*/s/ Michael P. Quinlan*
MICHAEL P. QUINLAN (0066718)
WILLIAM A. PESESKI (0095235)
Mansour Gavin LPA
North Point Tower
1001 Lakeside Avenue, Suite 1400
Cleveland, OH 44114
(216) 523-1500; Fax (216) 523-1705
mquinlan@mggmlpa.com
wpeseski@mggmlpa.com

*Attorneys for Defendant Target Corporation*

## CERTIFICATE OF SERVICE

A true copy of the foregoing *Motion for Partial Judgment on the Pleadings of Defendant Target Corporation to Plaintiff's Complaint* was filed electronically on this 5th day of April 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Michael P. Quinlan*
MICHAEL P. QUINLAN (0066718)
WILLIAM A. PESESKI (0095235)
*Attorneys for Defendant Target Corporation*

IN THE COMMON PLEAS COURT OF CUYAHOGA COUNTY, OHIO
CIVIL DIVISION

| | |
|---|---|
| **MARIAN TOLAN** | CASE NO. CV 21955217 |
| Plaintiff, | JUDGE WILLIAM F.B. VODREY |
| vs. | **PLAINTIFF'S NOTICE OF DISMISSAL** |
| | **OF CERTAIN CLAIMS ONLY.** |
| **TARGET CLEVELAND SOUTH, et al.** | **WITHOUT PREJUDICE** |
| Defendants. | |

Now comes Plaintiff, by and through counsel, pursuant to Civ. R. 41(A) and hereby
voluntarily dismisses Plaintiff's claims for Punitive Damages, ONLY, without prejudice, pursuant
to Ohio Civil Rule 41(A)(1)(a).  All other claims remain pending.

Respectfully submitted,

/s/ Robert L. Gresham
Michael L. Wright, #0067698
Robert L. Gresham, #0082151
Kesha Q. Brooks, #0095424
130 W. Second Street, Suite 1600
Dayton, Ohio 45402
(937) 222-7477
(937) 222-7911        FAX
mwright@yourohiolegalhelp.com
rgresham@yourohiolegalhelp.com
kbrooks@yourohiolegalhelp.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Now comes Plaintiff, by and through counsel, and states that a copy of the foregoing was
served upon all counsel of record via the Court's electronic filing system this 18th day of April,
2022.

/s/ Robert L. Gresham
Michael L. Wright, Esq.
Robert L. Gresham, Esq.
Kesha Q. Brooks, Esq.

*Attorneys for Plaintiff*

**IN THE COMMON PLEAS COURT OF CUYAHOGA COUNTY, OHIO**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **MARIAN TOLAN** | : | CASE NO. CV 21955217 |
| | : | |
| Plaintiff, | : | JUDGE WILLIAM F.B. VODREY |
| | : | |
| vs. | : | **PLAINTIFF'S NOTICE OF DISMISSAL** |
| | : | **OF CERTAIN CLAIMS ONLY,** |
| **TARGET CLEVELAND SOUTH, et al.** | : | **WITHOUT PREJUDICE** |
| | : | |
| Defendants. | : | |

Now comes Plaintiff, by and through counsel, pursuant to Civ. R. 41(A) and hereby voluntarily dismisses Plaintiff's claims for Punitive Damages, ONLY, without prejudice, pursuant to Ohio Civil Rule 41(A)(1)(a).  All other claims remain pending.

Respectfully submitted,

/s/ Robert L. Gresham
Michael L. Wright, #0067698
Robert L. Gresham, #0082151
Kesha Q. Brooks, #0095424
130 W. Second Street, Suite 1600
Dayton, Ohio 45402
(937) 222-7477
(937) 222-7911        FAX
mwright@yourohiolegalhelp.com
rgresham@yourohiolegalhelp.com
kbrooks@yourohiolegalhelp.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

Now comes Plaintiff, by and through counsel, and states that a copy of the foregoing was served upon all counsel of record via the Court's electronic filing system this 18th day of April, 2022.

/s/ Robert L. Gresham
Michael L. Wright, Esq.
Robert L. Gresham, Esq.
Kesha Q. Brooks, Esq.

*Attorneys for Plaintiff*

skip to main content

Print

# CASE INFORMATION

## CV-21-955217 MARIAN TOLAN vs. TARGET CLEVELAND SOUTH, ET AL

### Docket Information

| Filing Date | Docket Party | Docket Type | Docket Description | View Image |
|---|---|---|---|---|
| 07/26/2022 | D2 | MO | MOTION FILED FOR D2 TARGET CORPORATION WILLIAM A PESESKI 0095235 MOTION FOR CONTINUANCE OF LITIGATION DATES, REQUEST FOR TELEPHONE CONFERENCE, AND WARNING TO PLAINTIFF OF POTENTIAL FAILURE TO PROSECUTE | 📄 |
| 07/19/2022 | N/A | SC | MEDIATION SET FOR 10/11/2022 AT 09:00 AM. (Notice Sent). | |
| 07/19/2022 | N/A | SC | MEDIATION SCHEDULED FOR 08/22/2022 AT 03:00 PM IS CANCELLED. | |
| 06/23/2022 | N/A | SC | MEDIATION SET FOR 08/22/2022 AT 03:00 PM. (Notice Sent). | |
| 05/06/2022 | N/A | JE | CASE MANAGEMENT CONFERENCE HELD ON 04/28/2022. ALL PARTIES APPEARED THROUGH COUNSEL. THE PARTIES PROVIDED THE COURT A STATUS UPDATE OF THE PROCEEDINGS. CAPTIONED CASE IS HEREBY REFERRED TO MEDIATION WITH THE COURT MEDIATOR. THIS CASE SHALL BE MEDIATED IN AUGUST 2022. DISPOSITIVE MOTIONS SHALL BE DUE BY 09/30/2022. BRIEFS IN OPPOSITION AND REPLIES SHALL BE DUE BY RULE. FINAL PRETRIAL SET FOR 11/29/2022 AT 01:30 PM. THE PARTIES ARE DIRECTED TO DIAL (701) 802-5389 AND ENTER CODE 586025 TO JOIN THE CALL. CLIENTS OR INDIVIDUALS WITH FULL SETTLEMENT AUTHORITY MUST BE PRESENT AT THE FINAL PRETRIAL OR IMMEDIATELY AVAILABLE BY TELEPHONE. TRIAL BY JURY SET FOR 01/23/2023 AT 09:00 AM. THE COURT HEREBY ORDERS THE PARTIES TO FILE THE FOLLOWING AT LEAST 14 DAYS PRIOR TO TRIAL: (1) TRIAL BRIEFS; (2) WITNESS LISTS; (3) EXHIBIT LISTS; (4) JOINT JURY INSTRUCTIONS, JURY INTERROGATORIES, AND/OR JURY VERDICT FORMS; (5) STIPULATIONS; AND (6) A CONCISE, MUTUALLY AGREED-UPON STATEMENT OF THE CASE TO BE READ TO THE JURY AT THE OUTSET OF THE TRIAL. MOTIONS IN LIMINE, IF ANY, SHALL BE FILED AT LEAST 28 DAYS BEFORE TRIAL. ANY BRIEF IN OPPOSITION IS DUE 14 DAYS THEREAFTER. NO REPLY SHALL BE PERMITTED. NOTICE ISSUED | 📄 |
| 04/22/2022 | N/A | JE | PURSUANT TO THE NOTICE OF DISMISSAL FILED 04/18/2022, PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES IS HEREBY DISMISSED WITHOUT PREJUDICE. THEREFORE, DEFENDANT TARGET CORPORATION'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES, FILED 04/05/2022, IS HEREBY DENIED AS MOOT. ALL OTHER CLAIMS REMAIN PENDING. NOTICE ISSUED | 📄 |
| 04/18/2022 | P1 | NT | NOTICE FILED BY P1 MARIAN TOLAN ATTORNEY ROBERT GRESHAM 0082151 PLAINTIFF'S NOTICE OF 41A DISMISSAL WITHOUT PREJUDICE AS TO CERTAIN CLAIMS ONLY | 📄 |
| 04/05/2022 | D2 | MO | MOTION FILED FOR D2 TARGET CORPORATION MICHAEL P QUINLAN 0066718 DEFENDANT TARGET CORPORATION'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES 04/22/2022 - DENIED AS MOOT | 📄 |
| 02/09/2022 | D2 | OT | STIPULATION FILED BY D2 TARGET CORPORATION ATTORNEY WILLIAM A PESESKI 0095235 STIPULATION FOR EXTENSION OF TIME FOR DEFENDANT TARGET CORPORATION TO RESPOND TO PLAINTIFF'S INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS | |
| 01/31/2022 | D2 | OT | STIPULATION FILED BY D2 TARGET CORPORATION ATTORNEY WILLIAM A PESESKI 0095235 JOINT STIPULATED PROTECTIVE ORDER | |
| 01/28/2022 | N/A | JE | CASE MANAGEMENT CONFERENCE HELD ON 01/26/2022. ALL PARTIES APPEARED THROUGH COUNSEL. THE PARTIES PROVIDED THE COURT A STATUS UPDATE OF THE PROCEEDINGS. DISCOVERY IS ONGOING. THE PARTIES ANTICIPATE COMPLETING ALL NECESSARY DEPOSITIONS OF FACT WITNESSES | 📄 |

| | | | |
|---|---|---|---|
| | | | WITHIN 90 DAYS. AFTER FACT WITNESSES ARE DEPOSED, THE PARTIES WILL DISCUSS WHETHER OR NOT MEDIATION WOULD BE APPROPRIATE IN THIS CASE. TELEPHONE CONFERENCE SET FOR 04/28/2022 AT 10:30 AM. PLAINTIFF SHALL INITIATE THE CALL WITH ALL OTHER PARTIES, THEN CONTACT THE COURT AT (216) 443-8580 WHEN ALL PARTIES ARE ON THE LINE. NOTICE ISSUED |
| 01/25/2022 | D2 | OT | GENERAL PLEADING FILED BY D2 TARGET CORPORATION ATTORNEY MICHAEL P QUINLAN 0066718 DEFENDANT TARGET CORP.'S INITIAL RULE 26 DISCOVERY DISCLOSURE |
| 01/10/2022 | D2 | OT | STIPULATION FILED BY D2 TARGET CORPORATION ATTORNEY WILLIAM A PESESKI 0095235 STIPULATION FOR EXTENSION OF TIME FOR DEFENDANT TARGET CORPORATION TO RESPOND TO PLAINTIFF'S INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS |
| 01/06/2022 | P1 | OT | GENERAL PLEADING FILED BY P1 MARIAN TOLAN ATTORNEY ROBERT GRESHAM 0082151 RULE 26F REPORT OF THE PARTIES |
| 01/06/2022 | D2 | NT | NOTICE OF APPEARANCE, FILED D2 TARGET CORPORATION WILLIAM A PESESKI 0095235. NOTICE OF APPEARANCE OF ADDITIONAL COUNSEL FOR DEFENDANT TARGET CORPORATION |
| 12/17/2021 | N/A | SR | SCHEDULE ATTORNEY NOTICE. NOTICE GENERATED FOR XYZ CORPORATION 12/17/2021 17:01:49 |
| 12/17/2021 | N/A | SR | SCHEDULE ATTORNEY NOTICE. NOTICE GENERATED FOR DOE EMPLOYEE/JOHN-JANE/ 12/17/2021 17:01:49 |
| 12/17/2021 | N/A | SR | SCHEDULE ATTORNEY NOTICE. NOTICE GENERATED FOR TARGET CLEVELAND SOUTH 12/17/2021 17:01:49 |
| 12/17/2021 | N/A | SR | SCHEDULE ATTORNEY NOTICE. NOTICE GENERATED FOR BROOKS/LOUKESHA/Q. 12/17/2021 17:01:49 |
| 12/17/2021 | N/A | SR | SCHEDULE ATTORNEY NOTICE. NOTICE GENERATED FOR WRIGHT/MICHAEL/L 12/17/2021 17:01:49 |
| 12/17/2021 | N/A | SR | SCHEDULE ATTORNEY NOTICE. NOTICE GENERATED FOR GRESHAM/ROBERT/ 12/17/2021 17:01:49 |
| 12/17/2021 | N/A | SR | SCHEDULE ATTORNEY NOTICE. NOTICE GENERATED FOR QUINLAN/MICHAEL/P 12/17/2021 17:01:49 |
| 12/17/2021 | N/A | SC | CMC BY PHONE SET FOR 01/26/2022 AT 11:00 AM. PURSUANT TO CIV.R. 26, THE PARTIES SHALL MEET AND CONFER NO LATER THAN 21 DAYS BEFORE THE CASE MANAGEMENT CONFERENCE. THE PARTIES SHALL FILE A DISCOVERY PLAN WITHIN 14 DAYS OF THEIR CONFERENCE. PLAINTIFF'S COUNSEL SHALL INITIATE THE CALL AND THEN CONTACT THE COURT AT (216) 443-8580 ONCE ALL PARTIES ARE ON THE LINE. |
| 12/03/2021 | D2 | AN | ANSWER FILED BY D2 TARGET CORPORATION ATTORNEY MICHAEL P QUINLAN 0066718 ANSWER OF DEFENDANT TARGET CORPORATION TO PLAINTIFF'S COMPLAINT |
| 11/24/2021 | D1 | SR | SUMS COMPLAINT(46084521) SENT BY REGULAR MAIL SERVICE. TO: TARGET CLEVELAND SOUTH 3535 STEELYARD DRIVE CLEVELAND, OH 44109 ANSWER DATE: 12/21/2021 |
| 11/23/2021 | N/A | SR | SUMMONS E-FILE COPY COST |
| 11/23/2021 | D1 | CS | WRIT FEE |
| 11/23/2021 | P1 | SR | PRAECIPE FILED INSTRUCTIONS FOR REISSUE OF SERVICE |
| 11/23/2021 | N/A | SR | CERTIFIED MAIL RECEIPT NO. 45899375 RETURNED 11/22/2021 FAILURE OF SERVICE ON DEFENDANT TARGET CLEVELAND SOUTH - UNCLAIMED NOTICE MAILED TO PLAINTIFF(S) ATTORNEY |
| 11/10/2021 | N/A | SR | USPS RECEIPT NO. 45899376 DELIVERED BY USPS 11/05/2021 TARGET CORPORATION PROCESSED BY COC 11/10/2021. |
| 11/03/2021 | D2 | SR | SUMS COMPLAINT(45899376) SENT BY CERTIFIED MAIL. TO: TARGET CORPORATION 4400 EASTON COMMONS WAY SUITE 125 COLUMBUS, OH 43219 |
| 11/03/2021 | D1 | SR | SUMS COMPLAINT(45899375) SENT BY CERTIFIED MAIL. TO: TARGET CLEVELAND SOUTH 3535 STEELYARD DRIVE CLEVELAND, OH 44109 |
| 11/02/2021 | N/A | SR | SUMMONS E-FILE COPY COST |
| 11/02/2021 | D2 | CS | WRIT FEE |
| 11/02/2021 | N/A | SR | SUMMONS E-FILE COPY COST |
| 11/02/2021 | D1 | CS | WRIT FEE |
| 11/02/2021 | N/A | SF | JUDGE WILLIAM F. B. VODREY ASSIGNED (RANDOM) |
| 11/02/2021 | P1 | SF | LEGAL RESEARCH |

Case: 1:22-cv-01500-JDG Doc #: 1-1 Filed: 08/23/22 32 of 32. PageID #: 37

| | | | |
|---|---|---|---|
| 11/02/2021 | P1 | SF | LEGAL NEWS |
| 11/02/2021 | P1 | SF | LEGAL AID |
| 11/02/2021 | P1 | SF | COURT SPECIAL PROJECTS FUND |
| 11/02/2021 | P1 | SF | COMPUTER FEE |
| 11/02/2021 | P1 | SF | CLERK'S FEE |
| 11/02/2021 | P1 | SF | DEPOSIT AMOUNT PAID ROBERT GRESHAM |
| 11/02/2021 | N/A | SF | CASE FILED: COMPLAINT, SERVICE REQUEST  |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.
Website Questions or Comments.

Copyright © 2022 PROWARE. All Rights Reserved. 1.1.258